Argued and submitted February 22, affirmed March 30, 2022

# Donald Scott UPHAM,
*Plaintiff-Appellant,*

*v.*

# John HUMMEL,
*Defendant-Respondent.*

## Deschutes County Circuit Court
## 19CV56042; A175442

508 P3d 75

Plaintiff appeals a judgment denying his public records request to defendant because he failed to pay a processing fee. He asserts that he had no obligation to pay the fee because defendant's fee request was untimely. Specifically, he argues that ORS 192.329(3)(a) requires that a fee request be filed before the 15-day period for responding to the public records request expires. *Held*: Based on the context of ORS 192.329(3)(a), the Court of Appeals rejected plaintiff's interpretation of that statute. The court concluded that the statute does not require that all fee requests be asserted within the 15-day response period. Defendant filed a fee request as soon as it was practicable to do so. Accordingly, the trial court did not err when it concluded that plaintiff's failure to seek a fee waiver or pay the requested fee defeated his public records request.

Affirmed.

Alison M. Emerson, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

John Laherty argued the cause for respondent. On the brief was Amy Heverly.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

## KISTLER, S. J.

Plaintiff appeals a judgment denying his public records request because he failed to pay a processing fee. He argues that he had no obligation to pay the fee because the public body failed to request the fee in a timely manner. We affirm.

The Deschutes County District Attorney (defendant) sent a state file to the Oregon Attorney General to assist her in defending a federal district court action. On November 15, 2019, plaintiff submitted a public records request to defendant asking for copies of the file that defendant sent to the Attorney General and any records related to providing that file to her. Three days later, defendant filed a response to that request. He stated that the documents that he provided to the Attorney General and the related records were connected with her defense of the federal action, that they were protected by the attorney-client privilege, and that they were exempt from disclosure under ORS 192.355(9)(a) of the public records law.

On December 26, 2019, plaintiff filed this action under the public records law. He alleged that "[s]ome or all of the public records the defendant has withheld are not exempt from disclosure pursuant to the claimed attorney-client privilege." Before the state trial court ruled on plaintiff's public records claim, the federal action settled. On March 11, 2020, defendant notified plaintiff that, following the federal settlement, the public records exemption on which defendant initially relied no longer applied. However, defendant asserted that other exemptions applied to some of the records, and he estimated that it would take approximately 30 hours to separate the exempt from the nonexempt records. Because defendant's office charges a blended rate of $50 an hour for that work, defendant notified plaintiff that he needed to pay a $1,500 fee before defendant would process plaintiff's records request. Plaintiff did not pay the fee within 60 days, nor did he seek a fee reduction or waiver.

Defendant then moved for summary judgment on the ground that plaintiff's failure to pay the fee defeated plaintiff's records request. Among other things, plaintiff responded that he had no obligation to pay the fee because

the fee request was untimely. The trial court ruled that plaintiff's failure to pay the fee defeated his public records request. The court accordingly granted defendant's summary judgment motion and entered judgment against plaintiff.

Plaintiff's argument on appeal is narrow. He does not argue that the requested fee should have been reduced or waived. *See* ORS 192.324(5) (authorizing public bodies to reduce or waive fees). Nor does he dispute that the failure to pay a timely fee request within 60 days will result in the public body's "clos[ing]" the public records request. *See* ORS 192.329(4)(b). Plaintiff's appellate argument is limited to one proposition: He contends that defendant's fee request was untimely.

On that point, plaintiff notes that ordinarily a public body must complete its response to a written public records request within 15 days. *See* ORS 192.324(2) (public body must acknowledge receipt of a written public records request within five days); ORS 192.329(5) (public body's response must be completed within 10 additional days). Plaintiff then notes that ORS 192.329(3)(a) provides:

> "If a public body has informed a requester of a fee permitted under ORS 192.324(4), the obligation of the public body to complete its response to the request is suspended until the requester has paid the fee, [or the fee has been waived]."

Plaintiff argues that ORS 192.329(3)(a) not only provides that a fee request tolls the time for responding to a public records request but it also implies that the fee request must be filed before the 15-day period for responding to the public records request expires. Any fee request filed after that 15-day period comes too late, or so plaintiff argues.

If we looked solely at the text of ORS 192.329(3)(a), the inference that plaintiff draws might be a permissible one. Text, however, "should not be read in isolation but must be considered in context." *Stevens v. Czerniak*, 336 Or 392, 401, 84 P3d 140 (2004). Context includes other provisions of the same statute. *Id.* Two related provisions of the public records law are at odds with the inference plaintiff draws from ORS 192.329(3)(a).

ORS 192.329(2)(b) and (f) provide that a public body's response to a public records request is complete if the public body asserts that the requested records are exempt from disclosure and includes a statement that the person requesting the records may seek review of the asserted exemption. If the asserted exemption is valid, then the response is complete and filing a fee request would be an unnecessary act. If it is later determined on review that the asserted exemption is invalid in whole or in part, only then would a fee request for processing the records be appropriate. If plaintiff's interpretation of ORS 192.329(3)(a) were correct, a public body that asserts an exemption to disclosing public records would be required to file a fee request before it knows whether fees will be required or how much should be sought.

ORS 192.324(4)(a) is consistent with that conclusion. It provides that a "public body may establish fees reasonably calculated to reimburse the public body for the public body's *actual cost* of making public records available." (Emphasis added.) A public body cannot calculate the "actual cost" of processing a public records request until it knows whether its claimed exemption is either unchallenged or, if challenged, valid in whole or in part. If, as plaintiff argues, ORS 192.329(3)(a) requires public bodies to submit all fee requests within 15 days of receiving a public records request, a public body cannot comply with its statutory obligation to separate exempt from nonexempt records and also calculate the "actual cost" of doing so until it knows which records are exempt—an event that is unlikely to occur within the 15-day response period. *See* ORS 192.324(4)(a) (directing public bodies to base their fee requests on a reasonable calculation of the actual cost of processing records requests); ORS 192.338 (directing public bodies to separate exempt from nonexempt records).

To be sure, it is possible that the legislature could have intended public bodies to forgo recovering their fees whenever they asserted that the requested records were exempt in whole or in part from disclosure. However, that seems an unlikely interpretation of ORS 192.329(3)(a). The better interpretation of that statutory provision, and one

that fits comfortably with the other provisions of the public records law, is that ORS 192.329(3)(a) means what it says. If a public body files a fee request within the period for responding to the public records request, then the fee request will toll the time for filing a response. However, the converse is not true. ORS 192.329(3)(a) does not require that all fee requests be asserted within the 15-day response period.

Plaintiff notes that public records requests should be processed as soon as practicable and without delay, a proposition that defendant does not dispute. *See* ORS 192.329(1) (providing that responses to fee requests should be processed that way). In this case, however, defendant promptly notified plaintiff when the federal action settled and filed a timely fee request once the federal settlement changed the basis for the initial exemption that defendant asserted. The trial court correctly concluded that plaintiff's failure to seek a fee waiver or pay the requested fee defeated plaintiff's public records request. *See* ORS 192.329(4)(b) (providing that a public body "shall close" a public records request in those circumstances).

Affirmed.